UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST CALVINO, JR.,

                              Plaintiff,

                -against-

N.Y.L.A.G.,

                              Defendant.

1:20-CV-0377 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. He asserts that his claims fall under the Court's federal-question jurisdiction.[1] By order dated January 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

---

[1] Plaintiff's amended complaint is the operative pleading. (ECF 4.)

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff sues the New York Legal Assistance Group (NYLAG), which has a Pro Se Clinic – a legal-advice clinic that is independent from the Court and provides confidential legal advice to *pro se* litigants – located at the Thurgood Marshall United States Courthouse at 40 Foley Square, New York, New York. He asserts that the federal constitutional or statutory basis for this action is "lack of honesty, lack [of] profe[ssionalism], disrespect." (ECF 4, at 2.)

Plaintiff makes the following allegations:

I had visit a few time[s], the office of [NYLAG] downstair[s], the reason for the complain[t] and the amendment is because the volute[ers] the oriental volunt[eers] that were there the day I went see not honest at what they do. The reason for this is because the first days, I walk in there was a[n] oriental or [Chinese] male person at the desk, I sand down talk to him after I write a few pape[rs] in the [h]allway the pape[r] was color yellow, I think I left copy for them to help me, but on a different visit after that one, there was there[] was a[n] oriental or Chinese[], don't is male or trans but that secretary next to the door told m[e] that she or he or him was with my enemies with the other side[] in to I sue someone the wanted m[e] to sue, that seen nonprofe[ssional] I don't remember if was that visit or the visit after there was a [Mandarin] girl that seen non[e] too honest at the time she was talk to m[e] in the hallway because she was acting like some I know in addition to the conversation we had. I have heard by unknow[n] sources that in that office support have deliver[ed] document for m[e]. I don't know if true or not.

2

(*Id.* at 5-6.) He alleges that the injuries he has suffered include "stress, disrespect, misleadment [sic]." (*Id.* at 6.)

Plaintiff seeks the following relief: "Justice for respect, honest people that don't bring [messages] from outside people that respect private laws and don't tell on the information that in the office about m[e], from m[e] and what I am doing in there. Free unlimited[d] legal advice[] with a [disinterested] attorney." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has filed numerous frivolous actions in this Court; this Court has warned Plaintiff that further vexatious or frivolous litigation in this Court will result in an order barring him from filing new civil actions in this Court IFP without the Court's leave to file. *See, e.g., Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019). In an order dated January 10, 2020, the Court directed Plaintiff to show cause why the Court should not bar him from filing any future civil action in this Court IFP without the Court's leave to file. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (S.D.N.Y. Jan. 10, 2020). Plaintiff remains warned.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  January 31, 2020
        New York, New York

COLLEEN McMAHON
Chief United States District Judge